# McGee *v.* The State.

### *Indictment for Gaming.*

1. *Gaming; description of offense.*—A warrant issued by a justice of the peace in which the defendant is charged with "gaming in a public place," and which is issued on an affidavit to the same effect, does not describe the offense of playing a game with cards or dice, or

[McGee v. The State.]

any device or substitute therefor at certain designated places, as prohibited by section 4052 of the Criminal Code of 1886, or of betting at any game prohibited by said section, as is forbidden by section 4057 of the Criminal Code of 1886; and upon a trial in the circuit court upon such warrant and affidavit, a demurrer thereto should be sustained.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The prosecution of the appellant, Joe McGee, was commenced by affidavit made before a justice of the peace, in which the defendant was charged "with gaming in a public place." The facts of the case are sufficiently stated in the opinion.

RICHARD H. FRIES, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

HARALSON, J.—The affidavit made by the prosecutor before the justice of the peace, for the arrest of defendant, merely charged him with gaming in a public place, within twelve months before the making of said affidavit.

The justice, under section 2 of the act, approved December 14, 1894, providing for the trial of criminal causes in the Bessemer division of the circuit court of Jefferson county, &c., (Acts, 1894-95, p. 252), issued his warrant on this affidavit, commanding the officer to arrest the defendant and carry him before the judge of the circuit court of said county for the Bessemer division, at its next term, "to answer the State of Alabama of a charge of gaming in a public place, preferred by M. W. Parsons." On his arrest by the sheriff, defendant gave bond for his appearance at the next term of said court at its Bessemer division, to answer the offense as charged in the affidavit and warrant.

At the next term of said court, the defendant appeared and was put upon his trial without any complaint against him other than that contained in said affidavit and warrant. The judgment entry recites that he was arraigned thereon, and pleaded not guilty. Before doing so, he demurred to the warrant, which was overruled.

[McGee v. The State.]

The grounds of demurrer were, that it failed to allege any offense against the laws of the State; that it failed to set out in what manner the defendant was gaming; the particular place where the alleged gaming was done; with what device the defendant was gaming; whether defendant was gaming for money or other thing of value, or that he played any game with cards, or dice or substitute or other device therefor.

The demurrer should have been sustained. Under section 4052 of the Criminal Code of 1886, playing any game with cards or dice, or any device or substitute therefor, at any one of the places designated therein, is prohibited under penalty; and under section 4057, betting money, bank notes, or other thing of value, at any game prohibited by said section 4052, is also prohibited under a larger penalty than for mere playing without betting. But, neither playing nor betting is prohibited, except by one of these sections. A defendant charged with the offense of gaming, or any other criminal offense, has the constitutional right to "demand the nature and cause of his accusation," so that he may be enabled to identify the offense charged against him. Without this, there is no warrant in law for putting a party on trial for a criminal charge against him.—*Miles v. The State,* 94 Ala. 106.

The case is wholly different from that class of cases where parties have been arrested on warrants under section 4259 of the Criminal Code of 1886, and brought before justices of the peace for trial, in which cases the same particularity in describing the offense charged is not necessary as by indictment. In such cases it is held to be sufficient to designate the offense in the affidavit or warrant by name, or in some phrase which, in common parlance, describes it, and by the use of which the justice, before whom the defendant is arraigned for trial, acquires jurisdiction of the person and the offense. But even then, a mere general charge, so indefinite as not to give the party accused notice of the nature and cause of his accusation, if objected to on that account, would be insufficient, and it would be the duty of the justice to have him properly informed.—*Miles' Case, supra; Williams v. The State,* 88 Ala. 82; *Blankenshire v. The State,* 70 Ala. 10; *Tatum v. The State,* 66 Ala. 465; *Brazelton v. The State,* 66 Ala. 96. If denied this right,

on appeal, the solicitor is required to make a brief statement of the cause of complaint, a form for which is prescribed, full enough to meet the constitutional requirements, as to the nature and cause of the accusation, and the trial is held *de novo.* Without this complaint, unless waived, a trial would be erroneous.—*Moss v. The State*, 42 Ala. 546 ; *Ex parte Bizzell*, 112 Ala. 210.

We hold that the warrant on which the defendant was required, over his objections by demurrer, to go to trial in the circuit court, was insufficient, and the demurrer thereto should have been sustained.

Reversed and remanded.