# Stallworth *v.* The State.

### *Obtaining Board by Fraud.*

(Decided Dec. 17, 1908. 48 South. 107.)

*Affidavit: Sufficiency; Obtaining Board by Fraud.*—An affidavit in a prosecution for obtaining board by fraud, drawn under section 6934, Code 1907, which fails to allege that the person defrauded was

the landlord or keeper of a hotel or boarding house, etc., and which did not designate the misdemeanor by name, or by some other appellation which in common parlance designates .it, as provided by section 5702, Code 1907, is fatally defective.

APPEAL from Monroe County Court.

Heard before Hon. I. B. SLAUGHTER.

Will Stallworth was convicted of obtaining board by fraud, and he appeals. Reversed and remanded.

Omitting the formal part, the affidavit charges that one Fountain, being duly sworn, says that he has probable cause for believing and does believe that Will Stallworth did, by fraud or misrepresentation, obtain board from J. N. Gillis, and failed or refused to pay for the same in said county, within the past 12 months, etc. The demurrers to the affidavit are as follows: "The complaint fails to set out a very necessary, as well as essential, averment, in this: That J. N. Gillis ran, or was the keeper, landlord, or proprietor of a hotel or boarding house."

HYBART & BURNS, for appellant. The prosecution is under section 6934, Code 1896. The affidavit should have alleged that Gillis was a boarding house keeper, or was the proprietor of or ran a boarding house.—*Ex parte King*, 102 Ala. 184; 66 Ala. 98; 115 Ala. 137.

ALEXANDER M. GARBER, Attorney General, for the State.

DOWDELL, J.—The prosecution in this case was commenced on affidavit and warrant before the county court of Monroe county. The statute under which the prosecution was had (section 6934 of the Code of 1907) is as follows: "Any person who, by fraud or misrepresentation, obtains board or lodging from the landlord, proprietor, or keeper of any hotel or boarding house, and fails or refuses to pay for the same, must, on con-

viction, be fined not more than five hundred dollars, and may also be sentenced to hard labor for the county for not longer than six months." To constitute the offense denounced by the statute, the person defrauded must be "the landlord, proprietor, or keeper of a hotel or boarding house." This is an essential ingredient of the offense, and without it there is no offense.

The affidavit which is set out in the transcript, and on which the defendant was tried, failed to state or charge that the person defrauded was the landlord, proprietor, or keeper of a hotel or boarding house, nor was there any "designation of the misdemeanor by name, or by some other phrase which in common parlance designates it" (section 6703, Code 1907) ; and for the failure or omission of such averment, or designation of the offense, the affidavit was demurred to, which demurrer was overruled by the court. This presents the only question raised on the record.

The affidavit, while attempting to follow the language of the statute, failed to do so, in that it omitted, as we have seen, the statement or averment of an essential ingredient of the offense, and, failing to otherwise designate it as authorized by section 6703 was fatally defective. Under the decisions in *Miles v. State,* 94 Ala. 106, 11 South. 403, and *McGee v. State,* 115 Ala. 135, 22 South. 113, the demurrer should have been sustained.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.