# *Ex Parte* Mooneyham.

### Larceny.

(Decided January 30, 1917.   73 South. 990.)

1. **Affidavits; Sufficiency.**—The affidavit examined and held so fatally defective as not to support a judgment of conviction.

2. **Criminal Law; Writ of Error; Disposition.**—Appellate courts will not quash an affidavit on petition for writ of error, although the affidavit was fatally defective, but will reverse the cause with direction to the trial court to quash unless such affidavit be properly amended, as the trial court has authority to allow an amendment, and permit the filing of a brief statement of complaint against defendant.

ORIGINAL petition in Court of Appeals.

W. J. Mooneyham was convicted of petit larceny and petitions this court for a writ of error to review the finding of the trial court.   Writ granted, and the cause reversed and remanded.

The affidavit as originally filed is as follows:

Personally appeared R. S. D. Robertson, who, being duly sworn, deposes, and says that on February 12, 1916, in said county, the offense of petty larceny was in the opinion of complainant committed, and W. J. Mooneyham was guilty thereof.

This was amended as follows:

That R. S. D. Robertson has probable cause for believing and does believe that the offense of petty larceny has been committed in Cullman county, Ala., within the past 12 months, and that W. J. Mooneyham was guilty thereof.

Trial was had on this amended affidavit.

J. P. LOCKWOOD, for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—This court, on August 31, 1916, granted the prayer of the petitioner, W. J. Mooneyham, for a writ of error and awarded the writ in compliance with the prayer of the petitioner, ordering the clerk of the county court of Cullman county to certify to this court a transcript of the record and proceedings in a case in that court wherein the petitioner was, on the

26th day of July, 1916, convicted of the offense of petit larceny and sentenced to imprisonment in the county jail; the petition setting out matters of error of law alleged to have occurred in the conviction of petitioner apparent on the record.—Code 1907, § 6258.

A transcript of the record and proceedings of the county court of Cullman county in the case was certified and filed in this court in answer to our mandate on the 16th day of September, 1916, and the cause submitted November 30, 1916. It appears from the transcript of the record of proceedings in the county court that the petitioner (defendant in the trial of the case there) was tried on an affidavit that fails to charge an offense upon which a valid verdict of guilt could be returned, or that would furnish sufficient legal basis for the judgment rendered; and that no brief statement of "the complaint" was filed by the prosecuting officer.—*Moss v. State*, 42 Ala. 546; *McGee v. State*, 115 Ala. 135, 22 South. 113; Code 1907, § 6730; Acts 1915, p. 709.

(1, 2) The petitioner in the county court moved to quash the affidavit; and that court was in error in declining to quash it. The affidavit, as it appears in the transcript, is fatally defective, and will not support a judgment of conviction (Criminal Code, p. 480, form 1); but we must, however, decline to quash it here in a proceeding of this nature, and will reverse the judgment of conviction and remand the cause, with direction that the trial court quash the affidavit unless properly amended, as that court has the authority to allow an amendment and permit the filing of a brief statement of the complaint against the defendant (*Dunklin v. State*, 134 Ala. 195, 32 South. 666).

Reversed and remanded.