(88 South. 360)

## PATTERSON v. STATE.  (7 Div. 708.)

(Court of Appeals of Alabama.  Feb. 8, 1921.)

**1. Intoxicating liquors ☞236(6½) — Prima facie case held to prove that liquor looked, foamed, smelt, and tasted like beer.**

In prosecution for having in possession prohibited liquor, state made out a prima facie case where witness testified that he had drank beer, that the contents of the bottle in question looked like beer and foamed like beer, that it smelt and tasted like beer, and that the only difference that he had found was that it did not have the kick, in view of Acts 1915, p. 33, § 32½; Acts 1919, p. 6, § 1.

**2. Intoxicating liquors ☞233(2)—Exclusion of bottle as evidence held proper.**

Where state made out prima facie case in prosecution for having in possession prohibited liquor by testimony of witness that he had drank beer, that contents of bottle looked like beer and foamed like beer, and that it smelt and tasted like beer, and that the only difference that he had found was that it did not have the kick, court did not err in excluding a bottle of the liquid claimed to be intoxicating and an original bottle without the contents in which beer was sold and marked during the time its sale was legalized, since the mere dissimilarity in bottles could not have lifted the burden resting on defendant under Acts 1915, p. 33, § 32½; Acts 1919, p. 6, § 1.

**3. Criminal law ☞304(2) — General appearance of beer bottle matter of common knowledge.**

The general appearance of an original beer bottle is a matter of common knowledge.

**4. Criminal law ☞31—Immaterial that officers countenance sale of liquid at other places in state.**

In prosecution for having in possession or selling a prohibited liquor or beverage known as "Fehro," it was immaterial that the law enforcement department of the state had countenanced the sale of Fehro at other places in the state; it not being their duty to construe the law but to enforce it.

**5. Criminal law ☞260(11)—Findings of facts on contradictory evidence not disturbed on appeal.**

On appeal from a conviction for having in possession intoxicating liquors, where the trial court had the witnesses before it and was able to observe their manner and demeanor on the stand, appellate court will not disturb the findings of fact.

Appeal from Circuit Court, Calhoun County; A. B. Agee, Judge.

George Patterson was convicted of having in possession or selling a prohibited liquor or beverage, known as "Fehro," made in imitation of or intended as a substitute for prohibited liquors, and he appeals. Affirmed.

Ross Blackmon and J. B. Holman, both of Anniston, for appellant.

Counsel discuss the assignments of error noticed in the opinion, and base all their arguments upon the authority of Dees v. State, 16 Ala. App. 97, 75 South. 645.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The case was tried by the court without a jury, and the evidence was all given ore tenus, and the findings will not be disturbed. 17 Ala. App. 12, 81 South. 348. The state made out a prima facie case. Acts 1919, p. 6.

MERRITT, J.  The appellant was tried and convicted in the county court of Calhoun county of having in his possession liquor, a liquid drink or beverage made in imitation of or intended as a substitute for beer, known as or called "Fehro." On appeal to the circuit court he was again convicted, the judge trying the case without the intervention of a jury, and assessed a fine of $50, from which judgment the appeal to this court is taken.

[1] The liquid which the defendant is charged with having in his possession in violation of law was exhibited before the trial judge, and the sheriff, a witness for the state, testified:

"That he had drank beer; that the contents of the bottle looked like beer and foamed like beer; that it smelt and tasted like beer; and that the only difference that he had found was that it didn't have the kick."

As a rule of evidence it is provided by section 32½ of the Acts of 1915, p. 33, that in all prosecutions against persons for selling, having in possession, etc., prohibited liquors or beverages, it shall be competent for the state to give in evidence the fact that the beverage which the defendant is charged with selling or having in his possession, etc., has the same color, odor, and general appearance of a prohibited liquor, ale, beer, etc., and the fact that it has such color, odor, general appearance, or taste as beer, shall constitute prima facie evidence that the beverage is a beer or substitute or device therefor and within the inhibition of the statute for the suppression of the evils of intemperance; in the event the defendant claims that the beverage in question is not within the inhibition of the statute when it possesses the color, odor, general appearance, or the same taste as a prohibited liquor or beverage such as beer, etc., the burden of proof shall be upon him to establish to the reasonable satisfaction of the judge that the beverage in question is not within the inhibition of the statute.

It is also provided by the Acts of 1919, § 1, p. 6, that in addition to the liquors and beverages already embraced in the term "prohibited liquors and beverages," the term

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

shall also be deemed to include all liquors, liquids, drinks, or beverages made in . imitation of or intended as a substitute for beer, ale, etc.

[2] The testimony therefore of the state made out a prima facie case for the state. The defendant offered no testimony, except a bottle of Fehro and an original bottle, without the contents, in which beer was sold and marketed during the time its sale was legalized. This was excluded, and in so doing there was no error. Of course the similarity of the bottle containing the Fehro to that of an original beer bottle might have in some degree aided in determining as to whether the beverage in question had been used as a substitute or device for beer or other prohibited beverages, but the real inquiry after all was not, so much as to the receptacle or container of the liquid, but rather as to the contents thereof. With the state having under the statute made out a prima facie case, it does not appear how, even if the original beer bottle was totally dissimilar to the bottle containing the Fehro, this, without more, could have lifted the burden resting on the defendant to reasonably satisfy the judge that the beverage in question was not within the inhibition of the statute.

[3] Moreover, it may be safely said, we think, that the general appearance of an original beer bottle is a matter of common knowledge.

[4] There is no merit in the contention that the law enforcement department of the state had countenanced the sale of Fehro at other places in the state. Theirs is not the duty to construe the law but to enforce it. Their action in this respect could in no wise be indicative of whether it was or was not a violation of the law for the defendant to be possessed of such liquids as are shown by the facts in this case.

[5] The court had the witnesses before it, was able to observe their manner and demeanor on the stand, and following the long line of decisions in this state on this point, this court will not disturb . the findings on the facts in this case. Maisel v. State, 17 Ala. App. 12, 81 South. 348.

There is no error in the record, and the judgment is affirmed.

Affirmed.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes