## STACKS v. STATE. (6 Div. 516.)

(Court of Appeals of Alabama. Jan. 20, 1925.)

1. Criminal law ⟐1090(14)—In absence of bill of exceptions, refusal to give written charges not reviewed.

On appeal from conviction, in absence of bill of exceptions, refusal to give written charges for defendant could not be reviewed.

2. Criminal law ⟐1138—Charge, in defective affidavit, tried on plea of not guilty, when amended, on appeal, to correctly state offense, sufficient.

Where affidavit, charging in alternative owning and operating unlawful fish trap, though demurrable, was tried in county court on plea of not guilty, complaint, amended on appeal to circuit court, excluding charge of ownership, and being in words of Acts 1909, p. 327 (Code 1923, § 4068), held sufficient, as correcting defect and correctly charging offense on which defendant was tried.

3. Fish ⟐8—Statute for protection of fish in streams, not unreasonable.

Code 1923, § 4068, relating to fish traps, held reasonable exercise of police power to protect fish in streams of state.

4. Criminal law ⟐268—Special pleas properly disallowed.

Where every legal defense, set up in pleas, was available under plea of not guilty, special pleas were properly disallowed.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

John Stacks was convicted of operating an unlawful fish trap, and he appeals. Affirmed.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The complaint upon which the defendant was tried in the circuit court is as follows:

"The state of Alabama, by its solicitor, complains of John Stacks that within 12 months before the commencement of the prosecution John Stacks did operate an unlawful fish trap for the purpose of taking fish out of the waters of this state, in Walker county, said trap having fingers less than 2½ inches apart and the dam occupying more than half of the stream at low water, contrary to law."

Copeland & King, of Birmingham, for appellant.

The joinder of separate and distinct offenses in a single count of an indictment is not permissible. Ex parte State, 197 Ala. 419, 73 So. 35; Thomas v. State, 111 Ala. 51, 20 So. 617. Merely pursuing the words of the state is not sufficient. Miles v. State, 94 Ala. 106, 11 So. 403; Turnipseed v. State, 6 Ala. 664; Noble v. State, 59 Ala. 73.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The complaint follows the statute, and is not subject to demurrer. Oliver v. State, 16 Ala. App. 533, 79 So. 313.

SAMFORD, J. [1] There is no bill of exceptions and therefore we cannot pass upon the written charges refused to defendant. Hallmark v. State, ante, p. 281, 101 So. 905.

[2] The prosecution originated in the county court, based upon an affidavit charging in the alternative that the defendant "owned" or "operated," etc. This affidavit was not objected to on the trial in the county court, but trial was had on the plea of not guilty. Upon conviction, an appeal was taken to the circuit court where the solicitor filed a short statement as required by the statute. This complaint of the solicitor eliminated the charge of ownership, and charged the defendant with operating an unlawful fish trap for the purpose of taking fish out of the waters of this state in Walker county, and specifying wherein the trap was unlawful. The complaint of the solicitor follows the wording of the statute, Acts 1909, p. 327 (Code 1923, § 4068), and is sufficient. Oliver v. State, 16 Ala. App. 533, 79 So. 313.

The affidavit upon which the cause was tried was demurrable in the county court; but was amendable, and, being so, is sufficient to support the complaint of the solicitor, which corrects the defects in the affidavit and correctly charges the offense of which defendant was being tried. Williams v. State, 88 Ala. 80, 7 So. 101; Nailer v. State, 18 Ala. App. 127, 90 So. 131.

[3, 4] The Legislature, under the police power, has the power to pass reasonable statutes for the protection of fish in the streams of the state, and in this instance we cannot say that the regulation is unreasonable. Every legal defense set up in the pleas was available to defendant under the general issue, and therefore the pleas were properly disallowed.

We find no error in the record, and the judgment is affirmed.

Affirmed.