(88 South. 24)

WHALEY v. STATE. (5 Div. 331.)

(Court of Appeals of Alabama. Feb. 15, 1921.)

1. INDICTMENT AND INFORMATION ⟜108— WHERE STATUTE DOES NOT DESCRIBE PROHIBITED LIQUORS COMPLAINT, DESCRIBING THEM SOLELY BY REFERENCE THERETO IS BAD.

Where the complaint or affidavit charged that defendant manufactured prohibited liquor described in Acts 1915, p. 8, § 1, but such act contained no description of prohibited liquors, the act of 1915 (Acts 1915, p. 1), containing such description, being passed over the veto of the Governor, and conditioned that it should go into effect January 30, the complaint or affidavit was insufficient to charge any offense, and no judgment of conviction based thereon can stand.

2. CRIMINAL LAW ⟜160 — WHERE COMPLAINT OR AFFIDAVIT CHARGED NO OFFENSE AND LIMITATIONS HAD RUN, PRISONER MUST BE DISCHARGED.

Where the complaint or affidavit under which defendant was convicted charged no offense, and limitations against the offense sought

to be charged had run, the defendant on his appeal must be discharged.

Appeal from Circuit Court, Elmore County; W. L. Martin, Judge.

Cecil Whaley was convicted of violating the Prohibition Law of 1915, and he appeals. Reversed and rendered.

George F. Smoot, of Wetumpka, for appellant.

The information was insufficient. 39 Ala. 521; 19 Ala. 552; 69 Ala. 235; 89 Ala. 37, 8 South. 28; 98 Ala. 50, 13 So.h. 148. The defect was one of substance, and not of form. 63 Conn. 522, 28 Atl. 32.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

BRICKEN, P. J. The former opinion in this case under date of December 14, 1920, is withdrawn, and the order of affirmance therein rendered is set aside.

[1] This appeal is upon the record proper, without a bill of exceptions, and it is insisted that the complaint or affidavit upon which the defendant was tried is void, and will therefore not support a judgment of conviction.

The complaint charges that defendant did manufacture, sell, etc., "the prohibited liquors and beverages described in section one of the act passed by the Legislature of Alabama and approved January 23, 1915." The framer of the complaint or affidavit no doubt intended that the reference as to the description of the prohibited liquors and beverages should relate to section 1 of the act found on page 1, Acts 1915, which act was never approved at all, but was passed over the veto of the Governor, and was conditioned that it should go into effect at 11 o'clock p. m. on the 30th day of June, 1915, this act was House Bill 5.

The act designated in the complaint or affidavit as having been passed by the Legislature of Alabama and approved January 23, 1915, was House Bill 6, and will be found on pages 8 to 35, inclusive, Acts 1915. Section 1 of this act contains no description of any prohibited liquors or beverages, the qualifying phrase used in the complaint or affidavit therefore renders it void; for by reference to the designated section it will be seen that no prohibited liquors or beverages are described therein, hence the affidavit or complaint charges no offense, and no judgment of conviction can be based thereon.

[2] The statute has perfected a bar to a further prosecution for the acts complained of, and, as the defendant cannot be convicted under the affidavit or complaint as framed, a judgment is here rendered, discharging the defendant from further custody under these proceedings.

Reversed and rendered.