(103 So. 76)

### PARKER v. STATE.    (1 Div. 560.)

(Court of Appeals of Alabama. Feb. 3, 1925.)

**1. False pretenses ⬉26—Indictment held insufficient to charge passing of worthless check.**

Indictment charging that defendant uttered and delivered check, knowing that "he had not sufficient funds in or credit with" bank for payment thereof, without alleging that he drew the check, or that he knew that drawer thereof did not have sufficient funds available for its payment, *held* insufficient to charge a violation of Acts 1915, p. 319, making it unlawful, with intent to defraud, to obtain property, or to satisfy obligation by making, drawing, uttering, or delivering a check, knowing that maker or drawer has not sufficient funds in or credit with bank for payment thereof.

**2. Criminal law ⬉1187—Defendants discharged from further custody on appeal, where prosecution has become barred by limitations on reversal because of defective indictment.**

Where further prosecution has become barred by statute of limitations, on reversal of judgment of conviction for insufficiency of indictment, the Court of Appeals will render judgment discharging defendant from further custody.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Hoyt Parker was convicted of passing a worthless check, and he appeals. Reversed and rendered.

Tisdale J. Touart, of Mobile, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of respective counsel did not reach the Reporter.

RICE, J. The prosecution is under the provisions of Act approved August 31, 1915 (Gen. Acts Ala. 1915, p. 319).

This act provides in section 1:

"That any person who, with intent to defraud, shall obtain any money, merchandise, property, or thing of value, though no express representation is made in reference thereto, or who, with such intent, in the payment of any obligation, shall make, draw, utter or deliver any check, draft, or order for the payment of money, upon any bank, depository, person, firm or corporation, knowing at the time of such making, drawing, uttering or delivery that the *maker or drawer* [italics supplied] has not sufficient funds in, or credit with such bank, depository, person, firm or corporation for the payment in full of such check, draft or order, upon its due presentation, shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined not more than one thousand dollars, and may also be sentenced to hard labor for the county for not longer than six months."

The indictment alleges that the defendant "with intent to defraud did *utter and deliver* (italics supplied) a check for the payment of $900 upon the Peoples' Bank of Mobile, a corporation of Mobile, Ala., knowing at the time of such making, drawing, uttering, or delivery, that *he* (italics supplied) had not sufficient funds in, or credit with said bank, for the payment in full of said check upon its due presentation, and by means of said check *obtained* (italics supplied) *from Johnson & Co., a partnership composed of William E. Johnson, Bryant Buroughs, and M. Klepex, whose name is to the grand jury otherwise unknown, personal* property of the value of," etc.

It will be observed that the statute makes it unlawful for any person, with intent to defraud, to do either of two things, viz.: (1) To obtain property; or (2) to satisfy an obligation by making, drawing, uttering, or delivering a check on a bank, knowing at the time of such making, drawing, uttering, or delivering that the maker or drawer has not sufficient funds in or credit with such bank for the payment in full of such check.

In other words, it is a violation of the statute for one, having the intent to defraud, to utter or deliver a check for the purpose of satisfying an obligation (as well as obtaining property, as alleged in this indictment), knowing at the time of such utterance or deliverance that the maker or drawer of such check did not have sufficient funds in or credit with the bank upon which the

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

check was drawn for the payment in full of same.

The indictment here, however, fails to allege that the defendant made or drew the check in question, or who drew it, and, after alleging that the defendant uttered and delivered it, goes on to aver that at the time of such making, drawing, uttering, or delivery the defendant knew that he had not sufficient funds in or credit with the bank upon which said check was drawn for the payment in full of same, and by this means obtained personal property, etc.

The indictment is composed of allegations partly as to one of the two offenses denounced by the statute, and partly as to the other.

Under an accusation of the kind made in the indictment, if defendant in Mobile county had delivered to another in said county a check received by him in due course of business from some one on a bank in New York City, at which point he had never carried a bank account, defendant not knowing but that the party drawing the check had unlimited credit with the New York bank, or larger deposits therein than necessary to pay the check, he would be guilty, if, having the intent to defraud, he, the defendant, at the time of delivering the said check had not sufficient funds on deposit in or credit with said New York bank for the payment in full of the check. This, of course, was not intended by the statute.

[1] As the indictment fails to allege that defendant drew the check, or knew that the drawer of same had not sufficient funds or credit available for its payment in full upon due presentation, we hold the same to be fatally defective and the defendant's conviction thereon void.

[2] As further prosecution for the acts complained of has now become barred by the statute of limitations, and as the defendant cannot be convicted under the indictment as framed, a judgment is here rendered, discharging the defendant from further custody under these proceedings. Whaley v. State, 17 Ala. App. 661, 88 So. 24.

Reversed and rendered.