(109 So. 896)

**ARNOLD v. TOWN OF HAMILTON.**
**(6 Div. 963.)**

(Court of Appeals of Alabama. Oct. 26, 1926.)

**1. Intoxicating liquors ⚖⟶211.**

In prosecution for violating ordinance prohibiting possession of intoxicating liquors, complaint failing to state substance of ordinance was defective.

**2. Indictment and information ⊜═140(1).**

In prosecution for violation of ordinance prohibiting possession of liquor, overruling demurrer to complaint not subject to any defects urged was not error, under Code 1923, § 1992.

**3. Criminal law ⊜═829(1).**

Refusal of requested charges, which, although correct, were substantially covered by oral charge of court in connection with written charges given at defendant's request, was not error.

**4. Intoxicating liquors ⊜═134.**

In prosecution for violation of ordinance prohibiting possession of intoxicating liquors made or used for beverage purposes, whether liquor was suitable for beverage purposes *held* immaterial, if it was, in fact, used as a beverage and was prohibited by law.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Prosecution by the Town of Hamilton against Hawks Arnold. From a judgment of conviction, defendant appeals. Affirmed.

The complaint charges that defendant "did keep, receive, or have in his possession alcoholic liquors" (count 1) and (count 2) "liquors, drinks, or liquids made or used for beverage purposes containing alcohol," within the corporate limits of the municipality, "in violation of an ordinance duly, regularly, and legally adopted by the town council of said town," etc.

The demurrer takes the point that the ordinance, under which the prosecution was had, is void.

Defendant's refused charge 5 would predicate an acquittal upon the hypothesis of a reasonable doubt that the substance in evidence was suitable for beverage purposes.

E. B. Fite, C. E. Mitchell, and Will B. Ford, all of Hamilton, for appellant.

A municipality is not authorized to pass an ordinance inconsistent with the State law. Ligon v. Gadsden, ante, p. 312, 107 So. 733. The complaint should have averred the substance of the ordinance. Town v. Lineville v. Gauntt, 20 Ala. App. 135, 101 So. 154.

K. V. Fite, of Hamilton, for appellee.

It is no objection that the ordinance affords additional regulations complementary to the end of the State laws. Borok v. Birmingham, 191 Ala. App. 75, 67 So. 389, Ann. Cas. 1916C, 1061; Turner v. Lineville, 2 Ala. App. 454, 56 So. 603; Hewlett v. Camp. 115 Ala. 499, 22 So. 137; Mayor, etc. v. Fitzpatrick, 133 Ala. 613, 32 So. 252; Little v. Attalla, 4 Ala. App. 287, 58 So. 949.

RICE, J. Appellant was convicted of the offense of violating the terms of an ordinance of the town of Hamilton prohibiting the possession of certain liquors. We will treat the assignments of error after the order in which they are argued by his counsel on this appeal.

[1, 2] The complaint filed in the circuit court was defective for failing to state the substance of the ordinance which was alleged to have been violated. Rosenberg v. City of Selma, 168 Ala. 198, 52 So. 742. However, none of the grounds of demurrer filed took this point, and there was no error in overruling the demurrer to the complaint. It was not subject to any of the defects urged. Turner v. Town of Lineville, 2 Ala. App. 454, 56 So. 603. Code 1923, § 1992.

[3, 4] The written charges, which were requested by defendant, and refused, were, in so far as they stated correct propositions of law, in our opinion, substantially covered by the oral charge of the court in connection with the written charges given at defendant's request. We think it made no difference whether the liquid in question was "suitable" for beverage purposes or not, if it was in fact used as a beverage, and if it was a liquid prohibited by law. For that matter, most of the liquids now giving basis for so many prosecutions for the violation of our prohibition statutes are not really "suitable" for beverage purposes.

The assignments of error not covered by what we have said above are insisted upon in argument only in the most cursory way, and we do not feel called upon to discuss them seriatim. Suffice to say that we have examined them carefully and are not persuaded that prejudicial error pervaded any of the rulings underlying same. The appellant appears to have been tried fairly, and the judgment is affirmed.

Affirmed.