# Rosenberg *v.* City of Selma.

### *Violating City Ordinance.*

(Decided April 20, 1910.   Rehearing denied June 30, 1910.
52 South. 742.)

1. *Municipal Corporation; Violation of Ordinance; State Statute.* —A conviction for the violation of a municipal ordinance cannot be supported by a state statute not validly appropriated as a rule in the municipality by the authorities thereof, or so expressly enacted by the state as to render its violation a municipal, as distinguished from a state offense.

2. *Same; Complaint; Sufficiency.*—A complaint charging a violation of a municipal ordinance must allege the substance of the ordinance, its adoption by the municipality, and aver that the accused has violated it, but it need not set out the ordinance verbatim.

3. *Same.*—A complaint for the violation of a municipal ordinance which alleges that the accused did the prohibited act contrary to law fails to charge the violation of a municipal ordinance.

4. *Same; Ordinances; Statute.*—Section 1213, et seq., Code 1907, known as the Municipal Code act does not make misdemeanors denounced by the state statute offenses against the municipality.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Sam Rosenberg was convicted of violating an ordinance of the city of Selma and he appeals.   Reversed and remanded.

The complaint was in the following form:   "The city of Selma, a municipal corporation under the laws of Alabama, by its attorney, complains of Sam Rosenberg that within 60 days before the commencement of this

[Rosenberg v. City of Selma.]

prosecution he did sell, offer to sell, keep for sale, or otherwise dispose of spirituous, vinous, or malt liquors contrary to law." The demurrers were that the complaint failed to show or aver or state any offense committed by this defendant against the said city of Selma, a municipal corporation under the laws of the state of Alabama; that it fails to show what ordinace or by-laws of the city of Selma, a municipal corporation, has been violated by this defendant; that it fails to set out the by-law or ordinance, or the substance thereof, that has been violated; and other points not necessary to be made.

W. W. QUARLES, for appellant. Demurrers should have been sustained to the complaint.—*Ganaway v. Mobile*, 21 Ala. 577; *M. & M. R. R. Co. v. Williams*, 53 Ala. 600; *Tomlin v. Birmingham*, 109 Ala. 244; *Goldsmith v. Huntsville*, 120 Ala. 182; 24 Cyc. 558. Offenses against a municipality are essentially different in their nature and ingredient from offenses against the state.—*Mayor, etc., v. Allaire*, 14 Ala. 403; *Talladega v. Fitzpatrick*, 133 Ala. 613; *Bir. v. Kreulhaus*, in MSS. Counsel discuss the statutory provisions and conclude that they could not be appropriated by the city without valid enactment by the municipal authorities.

ROBERT C. YOUNG, for appellee. Counsel discusses the Municipal Code Act and concludes that the recorder of the city of Selma had power to try for the violation of misdemeanor statutes, and that under the Municipal Code offenses against the state denounced by statute, if misdemeanors were within the jurisdiction of the recorder of the city of Selma, and hence, the trial court was not in error.

[Rosenberg v. City of Selma.]

McCLELLAN, J.—The prosecution in this instance is obviously for a violation of an ordinance of the city of Selma. The adjudication of the defendant's guilt in the recorder's court concludes that the "city of Selma have and recover of the defendant" the fine imposed, and that, if the fine was not presently paid, the defendant should satisfy it by work on the streets of the city of Selma. The complaint filed in the circuit court, on appeal, alleged the claim against the defendant to have been that of the municipality, and the judgment now appealed from is in accord with the proceedings, and is a judgment in favor of the city of Selma.

What jurisdiction the recorder may have under the Municipal Code to try persons accused of violations of state statutes is not material in this instance, since this prosecution was made, and is clearly grounded, on a violation of municipal prohibition, and the basis of this appeal is a judgment of conviction of an offense against that authority only. It need hardly be added that, to justify a conviction in such case, there must be a valid municipal ordinance forbidding the act for the commission of which a defendant is condemned. Such a conviction cannot, of course, be supported by a state statute not validly appropriated as a rule of conduct in the municipality by the governmental authority of the municipality, or so expressly enacted by the state, the source of municipal power and authority, as to render its violation a municipal, as distinguished from a state, offense.—*Mayor, etc., v. Allaire,* 13 Ala. 400, 403; *Mayor, etc., v. Fitzpatrick,* 133 Ala. 613, 32 South. 252, among others in each cited. The complaint filed in the city court is defective as pointed out in some of the grounds of the demurrer. The rule for definiteness and certainty in cases of this character is stated in *Goldthwaite v. City of Montgomery,* 50 Ala. 486. The rule does

not require that the ordinance be set out in haec verba. *N. C. & St. L. Ry. v. Alabama City,* 134 Ala. 414, 32 South. 731; *Kennamer v. State,* 150 Ala. 74, 43 South. 482. As interpreted in *Goldthwaite v. City of Montgomery, supra, Case v. Mobile,* 30 Ala. 538, did not conclude to the point that the ordinance should be set out verbatim in the complaint. Pleading, with us, is not required to be so exact, so definite, so certain, as would be the result of an affirmation that ordinances should be set out in haec verba. The substance of the ordinance, its authoritative ordination as a rule of conduct in the municipality, and that the party charged has violated it meets all the requirements of good pleading.—Author, supra.

The complaint in this case on appeal omitted both the averment of authorized ordination by the municipality of a prohibition of the sale, etc., of the liquors described in the complaint and the substance of the ordinance assumed to have been violated. The allegation that the act charged was committed "contrary to law" manifestly did not necessarily (though it did merely inferentially) refer the described act to an infraction of a municipal ordinance, rather than to a violation of an inhibition of another authority, viz., the state of Alabama. Occasion was presented in *T. C. I. & R. R. Co. v. Roussell,* 155 Ala. 435 46 South. 866, 130 Am. St. Rep. 56, to consider the term "law" as employed in the pleading in a civil cause, and, in stating the opinion prevailing here, we noted the exception with respect to its interpretation in pleadings in penal matters as clearly drawn by Shaw, C. J., in *Reed v. Northfield,* 13 Pick. (Mass.) 94, 23 Am. Dec. 662. It is that the term "law," unless otherwise qualified, is in penal proceedings presumed to refer to the common law, provided, of course, statute has not given to the term an-

·other meaning. By statute (Code 1907, § 7353), the phrase "contrary to law" has been appropriated to the definition in indictments of violation of statute· touching the sale, etc., of prohibited liquors. So far as we are advised, the phrase has not been thought apt or fit in the allegation of a violation of any municipal ordinance. The mere fact that the city of Selma appeared to be the complainant against appellant cannot we think avail to give the expression "contrary to law" a meaning and effect equivalent to an express averment that in doing the act described the appellant violated an ordinance of the city of Selma. With that in this case he must have been clearly charged. .Without that unequivocal allegation, the complaint was defective as the demurrer objected. It should have been sustained.

For the error indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.

## On Rehearing.

After careful consideration of the pertinent provisions of the Municipal Code, particularly those sections creating the office of recorder and providing his jurisdiction and powers (Pol. Code 1907, §§ 1213-1226), and so in connection with the exhaustive briefs of the respective counsel, we find no warrant in the enactment for·the asserted, for the appellee, conclusion that misdemeanors, as against state authority, are made by that enactment offenses against municipal authority. In the particulars indicated that enactment does confer on recorders defined jurisdiction in certain criminal (offenses against state authority) matters; but, aside from the un-

guarded employment of the word "municipality," in section 1222, there is nothing in the enactment evincing any intent to make state misdemeanors offenses against the municipality. The general scheme of jurisdiction and power provided for recorders by the enactment under consideration confirms the view that municipalities were intended to be and were left with the same powers and burdened with the same duties in respect of orderly government, as that may be secured by the adoption of proper ordinances, as was the case before the municipal Code was enacted. To read the enactment as working such a radical (if permissible) change in municipal government as the appellee insists would not, we think, have been expressed in other than plain languge.

The whole prosecution was for violation of a municipal ordinance—the judgment so concludes—and the survival of it must depend upon the ordinary rules of law applicable to such prosecutions.

The rehearing is denied.


(Decided Jan. 20, 1910.   Rehearing denied June 30, 1910.   53 So. 174.)