# Turner *v.* Town of Lineville.

## *Violating Municipal Ordinance.*

(Decided Nov. 14, 1911. 56 South. 603.)

1. *Municipal Corporations; Ordinances; Violation; Waiver.*—By proceeding to trial in the Mayor's court without questioning the sufficiency of the complaint the defendant waived any objection to it for insufficiency.

2. *Same; Appeal.*—Under section 1451 and 6743, Code 1907, the municipality was properly permitted to amend the affidavit on an appeal from a conviction for a violation of a whisky ordinance, although the affidavit was insufficient on the trial of the cause before the mayor.

3. *Same; Complaint.*—It is not necessary to set out an ordinance in haec verba, and hence, a complaint charging that the accused sold or otherwise disposed of liquor contrary to an ordinance of a named city, etc., sufficiently charged a violation of the ordinance.

[Turner v. Town of Lineville.]

4. *Same; Continuance.*—It was not error to refuse to continue a prosecution based on the violation of an ordinance, asked on the ground of absent witnesses, where defendant's request for subpoenaes was so expressed as to lead the clerk to believe that the witnesses were to be summoned in another case pending against the defendant.

5. *Same; Fines.*—The provisions of section 1222, Code 1907, constitute regulations affecting the exercise of the jurisdiction conferred upon the recorder in enforcing the criminal laws of the state, and does not limit the power of the municipality to regulate subjects also dealt with by the state in its criminal statute.

6. *Same; Punishment.*—An ordinance prohibiting the sale of intoxicating liquors is not rendered invalid because the minimum fine was less than that authorized by the state law, if the penalty affixed was within the limits prescribel by section 1216, Code 1907.

7. *Intoxicating Liquors; Ordinances; Validity.*—Ordinances prohibiting the sale, gift, or other disposal of spirituous, vinous or malt liquors, in violation of the state statutes, and prohibiting the making, aiding, abetting, procuring or counselling of an unlawful sale, purchase, gift, or other unlawful disposition of such liquors, or prohibiting one from acting as assisting friend of the seller or purchaser, are not invalid as being inconsistent with the state laws within the provisions of section 1251, Code 1907.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Howard Turner was convicted of violating an ordinance of the town of Lineville, and he appeals. Affirmed.

The original affidavit set forth probable cause for believing, and belief, that Howard Turner was guilty of the offense of selling, giving away, or otherwise disposing of whisky in the town of Lineville. As amended,, the affidavit charged that the affiant had probable cause for believing, and did believe, that within 12 months before the 29th day of April, 1910, the same being the day on which the trial of this cause was had in the mayor's court of the town of Lineville, Ala., a municipal corporation, Howard Turner did sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors, contrary to the ordinances of the town of Lineville and against the peace and dignity of said town (this being the same offense of which said defendant was tried and convicted in the Mayor's court of said town on the said 29th day

[Turner v. Town of Lineville.]

of April, 1910, and fined $50 and costs, from which this appeal is taken.)

The two ordinances introduced were: (1) Against the sale, giving away, or otherwise disposing of any spirituous, vinous, or malt liquors within the limits of the town of Lineville, when it is in violation of the laws of the state of Alabama, and fixing the punishment. (2) Against any person making, aiding, or abetting, or who procures or counsels, an unlawful sale, or unlawful purchase, or unlawful gift or other unlawful disposition of spirituous, vinous, or malt liquors or intoxicating beverages; also against a person acting as the assistant friend of the seller or purchaser, etc.

O. B. CORNELIUS, for appellant. The affidavit which began the prosecution in this case was evidently void, and will not support a judgment and conviction.—*City of Selma v. Shivers,* 43 South. 565; *Butler v. The State,* 130 Ala. 127; *Johnson v. The State,* 82 Ala. 29; *Sims v. The State,* 137 Ala. 79; *Monroe v. The State,* 137 Ala. 88; *Miles v. The State,* 94 Ala. 106. The amendment of the complaint in the appellate court was ineffectual to supply the defect in the lower court.—*Birmingham v. O'Hearn,* 149 Ala. 309. The proceeding should be dismissed because the judgment appealed from is void for uncertainty.—*Marks v. The State,* 31 South. 181. The judgment was also void because of the imposition of hard labor for the town.—51 South. 317; Sec. 1215-16, 1222, Code 1907. The court erred in permitting the affidavit to be amended.—*City of Selma v. Shivers, supra.* The amendment also constituted a departure.—*Lewis v. The State,* 49 South. 753; 48 South 58; 2 Words & Phrases, 1900. The demurrer to the amended complaint should have been sustained.—*Rosenburg v. City of Selma,* 52 South. 742; 48 South. 58. Defendant should have

been granted a continuance on account of absent wit-
nesses.—*Walker v. The State,* 117 Ala. 85.   The town
had no authority to pass the ordinance.—Sec. 1251, Code
1907.   The ordinance was subject to the same infirmi-
ties, as the one declared void in *Krellhaus v. City of
Birmingham,* 164 Ala. 623.   The case should be reversed
and rendered on the authority of *City of Selma v. Shiv-
ers, supra.*

WHATLEY & CORNELIUS, for appellee.   Conceding that
the original affidavit was void, it was capable of amend-
ment in the appellate court.—*Johnson v. The State,* 105
Ala. 14; *Blankenshire v. The State,* 70 Ala. 10; 66 Ala.
465.   However, the original affidavit was sufficient.—
*Bowen v. The State,* 131 Ala. 39; *Holman v. The State,*
144 Ala. 95; *Redd v. The State,* 53 South. 098.   No de-
mand was made for a warrant in the mayor's court.—
*Aderhold v. Anniston,* 99 Ala. 521; *MvKinstry v. Tus-
caloosa,* 54 South. 629.   The ordinance was not void as
repugnant to or inconsistent with the state laws.—12
Cyc. 702.   The ordinance was valid and sufficiently
proven.—Sec. 1259, Code 1907.

WALKER, P. J.—By proceeding to trial before the
mayor without raising any question as to the sufficiency
of the charge made against him, the defendant must be
held to have waived in that tribunal any objection on
that score.   *Mayor and Aldermen of Birmingham v.
O'Hearn,* 149 Ala. 307, 42 South. 836; *McKinstry v. City
of Tuscaloosa,* 171 Ala.; 54 South. 629; *Aderhold v.
Mayor, etc., of Anniston,* 99 Ala. 521.   The proceedings
on the appeal to the county court were "governed in all
respects by the laws regulating appeals from judgments
of justices of the peace in criminal cases," Code, § 1451.
Under the statute governing appeals from judgments of

justices of the peace in criminal cases, if no objection to the sufficiency of the affidavit or warrant is raised before the justice, on the trial de novo had on appeal in the circuit or county court, a complaint may be there filed charging the defendant with a criminal offense, though the affidavit and warrant on which the defendant was tried before the justice of the peace did not charge any criminal offense whatever. Code, § 6743; *Blankenshire v. State,* 70 Ala. 10; *Johnson v. State,* 105 Ala. 113, 17 South. 99. It follows in this case that the objections interposed in the county court to the allowance of the amended affidavit or complaint there filed were properly overruled, as in such case, under the authorities just cited, no objection could there be made to any inaccuracy or imperfection in the proceedings before the mayor.

Most of the grounds of the demurrer to the amended affidavit or complaint are disposed of adversely to the appellant by what has already been said. Under previous rulings on the subject, it cannot be held that the complaint was subject to the ground of demurrer that it does not aver with sufficient certainty the violation of a town ordinance. The prevailing rule on the subject does not require that the ordinance be set out in hæc verba. Here the act charged was plainly averred to be in violation of the municipal ordinances on the subject. The complaint was not lacking in the requisite definiteness or certainty in this respect. *Rosenberg v. City of Selma,* 168 Ala. 195, 52 South. 742; *Nashville, C. & St. Ry. v Alabama City,* 134 Ala. 414, 32 South, 731; *Goldthwaite v. City Council of Montgomery,* 50 Ala. 486; *Kennamer v. State,* 150 Ala. 74, 43 South. 482.

Pretermitting the consideration that the refusal of a continuance to the defendant because of the absence of his witnesses was a matter resting in the discretion of

[Turner v. Town of Lineville.]

the trial court, it can be said that the record does not show that he had any just ground of complaint on this score, as it appeared that his verbal request to the clerk to issue subpoenas for the witnesses was so expressed as to leave the clerk under the impression that the witnesses were to be summoned in another case then pending in the court against the defendant.

There is nothing in either of the ordinances offered in evidence "inconsistent with the laws of the state" within the meaning of that expression as used in section 1251 of the Code. Under that provision a municipal ordinance is invalid in so far as it undertakes to supersede a state law within the municipality, or where its enforcement would be incompatible with the enforcement of a state law. But, where the ordinance in no way has the effect of contravening a state law, it is no objection to it that it provides for an additional regulation within the municipality of a matter which is also the subject of state regulation. *Hewlett v. Camp,* 115 Ala. 499, 22 South, 137; 28 Cyc. 701. Nor is there anything in the statutes requiring that municipal regulations on subjects also dealt with by state laws shall conform in all respects to the regulations which the state has seen fit to prescribe.

The provision of section 1222 of the Code (section 68, Municipal Code Act of 1907, p. 825) that "the limits of the fine shall be the same as the limits imposed by the state for the same offense," etc., is a regulation affecting the exercise of the jurisdiction conferred upon the recorder in the matter of the enforcement of state criminal laws, and is not a limitation upon the power of municipalities in the matter of municipal regulations upon subjects which may also be dealt with by the state in its criminal statutes. Section 1216 of the Code prescribes the kinds and limits of punishment that may be imposed

[Turner v. Town of Lineville.]

for violation of municipal ordinances. The general purpose of the Municipal Code was to leave unimpaired, if not enlarged, the powers and duties of municipalities in the matter of police regulations, so long as they are not "inconsistent with the laws of the state." Code, § 1251; *Rosenberg v. City of Selma,* 168 Ala. 195; 52 South. 742; *Culpepper v. Adams,* 172 Ala., 55 South. 325.

The penalties authorized by the ordinances against the sale or other disposition of intoxicants which were offered in evidence were within the limits prescribed in section 1216 of the Code. This being true, those ordinances were not rendered invalid because the minimum penalty for their violation was a fine less than that authorized by the state criminal laws on the same subject. Whether a conviction under such an ordinance followed by a fine less than is authorized under the state laws on this subject could be pleaded in bar of any prosecution under the state law, as authorized (Code, § 1222) when such prosecution is "for the same, or substantially the same, offense," is a question not decided, as it is not presented in this case. What has been said above disposes of the grounds of objection urged in argument against the validity of the ordinances which were admitted in evidence.

Affirmed.