(81 South. 351)

MILES v. CITY OF MONTGOMERY.

(3 Div. 344.)

(Court of Appeals of Alabama. March 18, 1919.)

1. CRIMINAL LAW ⟣304(9) — INDICTMENT AND INFORMATION ⟣61 — JUDICIAL NOTICE—EXISTENCE OF MUNICIPAL CORPORATIONS AND THEIR CHARTER OR STATUTORY POWERS—PLEADING.

Courts take notice of the existence of municipal corporations and their charter or statutory powers, so that rules of good pleading do not require that such matters be stated.

2. PLEADING ⟣18—CERTAINTY.

Facts essential to a cause of action and of which the court does not take judicial notice must be stated with that certainty, or "with certainty to a common intent," that the court, on an admission of the facts stated, may say that a cause of action exists in favor of the complaining party.

3. CRIMINAL LAW ⟣304(12) — EVIDENCE — JUDICIAL NOTICE—MUNICIPAL ORDINANCES AND BY-LAWS.

Unless required by statute, courts do not take judicial notice of the ordinances and by-laws of municipal corporations.

4. MUNICIPAL CORPORATIONS ⟣639(2) — VIOLATION OF ORDINANCE—COMPLAINT.

It is essential to the statement of a cause of action for violation of ordinances that complainant aver, not only the facts constituting violation of the ordinance, but set out its provisions or the substance thereof, and aver that it was duly adopted or ordained before commission of offense by proper official board, and the mere statement as a legal conclusion that defendant's acts were "in violation of an ordinance" is insufficient.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Charles Miles was complained against for selling, keeping for sale, and offering for sale certain liquors, contrary to an ordinance of the City of Montgomery, his demurrers to the complaint were overruled, and he appeals. Reversed and remanded.

Tilley & Elmore, of Montgomery, for appellant.

L. A. Sanderson, of Montgomery, for appellee.

BROWN, P. J. [1] Rules of good pleading do not require that matters of which the courts are required to take judicial notice be stated, and courts take such notice of the existence of municipal corporations and their charter or statutory powers. Case v. Mayor of Mobile, 30 Ala. 598; Arndt v. City of Cullman, 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922; Glenn v. City of Prattville, 14 Ala. App. 621, 71 South. 75.

[2] On the other hand, facts essential to a cause of action, and of which courts do not take judicial notice, must be stated with that certainty that the court, on an admission of the facts stated, may say that a cause of action in favor of the party complaining exists, or, as it is expressed in the books, "with certainty to a common intent." This rule is essential to the administration of justice, and it cannot be abolished or ignored. Woodward Iron Co. v. Marbut, 183 Ala. 313, 62 South. 804.

[3] And it is well settled, unless by statute so required, courts do not take judicial notice of the ordinances and by-laws of municipal corporations. Case v. Mayor of Mobile, supra; Glenn v. City of Prattville, supra.

[4] Hence it is essential to the statement of a cause of action in cases of this character that the complainant aver, not only the facts constituting the violation of the ordi-

nance, but must set out the provisions of the ordinance or the substance thereof and aver that the ordinance was duly adopted and ordained, prior to the commission of the offense, by the proper official board—in this case the city commissioners of the city of Montgomery—and the mere statement, as a legal conclusion, that the acts of the defendant were done "in violation of an ordinance" will not suffice, in the absence of a statement of the provisions of the ordinance or the substance thereof. Rosenburg v. City of Selma, 168 Ala. 198, 52 South. 742; Benjamin v. City of Montgomery, 78 South. 167;[1] Case v. City of Mobile, supra; Eberlin v. Mayor of Mobile, 30 Ala. 550; Goldthwaite v. City Council of Montgomery, 50 Ala. 487; Tomlin v. City of Birmingham, 109 Ala. 245, 19 South. 521.

If the complaint in this case had alleged that the defendant, on or about the date named, within the police jurisdiction of the city of Montgomery, did sell, keep for sale, or offer for sale, spirituous, vinous, or malt liquors, contrary to the provisions of a valid, existing ordinance of the city of Montgomery, duly adopted and ordained by the city commissioners of said city, prior to the commission of said act or acts, prohibiting the sale, keeping for sale, or offering for sale, spirituous, vinous, or malt liquors, within the corporate limits and police jurisdiction of said city, it would be a sufficient compliance with the rule.

The complaint, failing to state the provisions of the ordinance, or the substance thereof, was subject to the eighth and eleventh grounds of demurrer, and the court erred in overruling these demurrers.

Reversed and remanded.