## MYHAND v. CITY OF DOTHAN.
(4 Div. 799.)

(Court of Appeals of Alabama. April 3, 1923.)

**1. Municipal corporations ⊙⇒642(4)—On appeal from conviction in municipal court, trial is de novo.**

In view of Code 1907, §§ 1451, 6744, on appeal to the circuit court from a judgment of conviction in a municipal court trial is de novo.

**2. Municipal corporations ⊙⇒642(4)—By consent trial on appeal from municipal court may be on original affidavit and complaint.**

On appeal from a judgment of conviction of the municipal court to the circuit court, by consent of accused trial is permissible on the original complaint and affidavit.

**3. Criminal law ⊙⇒304(12)—Courts do not take judicial knowledge of ordinances.**

The rule that courts do not take judicial knowledge of the ordinances of cities and towns does not apply, under Acts 1915, p. 297, § 7, to cities which have a population of as much as 100,000 people according to the last federal census.

**4. Municipal corporations ⊙⇒640 — Evidence held insufficient to sustain verdict of violating city ordinances.**

In a prosecution by the city of Dothan for violation of an ordinance, where the city offered in evidence City Code, § 246, subds. 3 and 15, which make it unlawful to buy or receive prohibited liquors and provide punishment therefor, such subdivisions were insufficient for want of certainty, since subdivision 3 made no mention of prohibited liquors except by reference to section 1 of the article, which latter section was not introduced.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Lilla Myhand was convicted of a violation of an ordinance of the City of Dothan, and she appeals. Reversed and remanded.

O. S. Lewis, of Dothan, for appellant.

Defendant was entitled to the affirmative charge.

Reid & Doster, of Dothan, for appellee.

A general charge should not be given, when conclusions differently affecting a result of a suit may be drawn from the evidence. 140 Ala. 339, 37 South. 297.

BRICKEN, P. J. The prosecution against this appellant originated in the mayor's court of the city of Dothan and was for a violation of an ordinance of said city.

From a judgment of conviction in the mayor's court she appealed to the circuit court and was there tried by a jury, the trial resulting in the conviction of the defendant, and from the judgment of conviction in the circuit court this appeal is taken.

The assignments of error, three in number, are predicated upon the refusal of certain written charges requested by appellant.

The defendant requested the general affirmative charge in her behalf, which was refused by the court, and this ruling is made the basis of assignment No. 1.

It appears from the record, as well as in briefs of respective counsel, that this charge was requested upon the grounds of the insufficiency of the evidence upon which to base the verdict of guilt, and to sustain the judgment of conviction.

[1] Under the statute, Code 1907, § 1451, an appeal to the circuit court from a judgment of conviction in a municipal court shall be governed in all respects by the laws regulating appeals from judgments of justices of the peace in criminal cases. And section 6744 of the Code 1907 provides that the trial in the circuit court on appeal from a judgment rendered by a justice of the peace shall be de novo.

[2] While not expressly so stating, we gather from the record that the trial was had in the circuit court upon the original complaint and affidavit filed in the mayor's court. By consent of the accused, this is permissible.

[3] It has been many times decided that courts do not take judicial knowledge of the ordinances of cities and towns. Benjamin v. City of Montgomery, 16 Ala. App. 653, 81 South. 145, and cases cited. This does not apply, however, to cities in this state which have a population of as much as 100,000 people according to the last federal census. Acts 1915, p. 294, § 7.

[4] The record recites:

"Whereupon the city offered in evidence subdivision 3, section 246, which reads as follows: (3) Unlawful to Buy or Receive Prohibited Liquors.—It shall be unlawful to buy, receive, accept or procure within the corporate or within the police jurisdiction thereof, or to have in possession for himself or for another, or for the joint use of himself and another, or to transport or convey on his person or by any means whatsoever for himself or another, or for the joint benefit of himself or another, within the city of Dothan, or within the police jurisdiction thereof, any of the prohibited liquors, or beverages mentioned in section one of this article except as hereinafter provided."

Whereupon the city also offered in evidence subdivision 15, § 246, of the City Code, which reads as follows:

"(15) *Punishment.*—That any person who violates any provision of this article shall be guilty of a misdemeanor when not otherwise expressed, and shall be punished by a fine of not less than five and not more than one hundred dollars and may also be sentenced to an additional term at hard labor on the streets of said city for not exceeding six months."

We assume that those two sections are a part of the Code of Laws and Ordinances of the City of Dothan, but the record does not so state. It is clear, however, that these subdivisions, without more, are insufficient, for want of certainty, to meet the required rule. It will be noted that subdivision 3, § 246, supra, makes no mention of any prohibited liquors or beverages except by reference to "section one of this article." Section 1 was not offered in evidence, and as above stated we are without authority to take judicial knowledge of the fact that there is such a section, nor can we know, if section one does exist, what provisions it may contain. No ordinance, denouncing the specific act complained of, having been introduced in evidence as the law requires, it must be held that the evidence offered upon the trial was insufficient to sustain the verdict and to support the judgment. Whaley v. State, 17 Ala. App. 661, 88 South. 24. This being true, the defendant was entitled to the affirmative charge, requested in writing, and its refusal was error.

Reversed and remanded.