144 So. 128

### YOUNG v. CITY OF ATTALLA.
### 7 Div. 893.

Court of Appeals of Alabama.
Nov. 1, 1932.

McCord & McCord, of Gadsden, for appellant.

E. G. Pilcher, of Gadsden, for appellee.

Brief did not reach the Reporter.

BRICKEN, P. J.

In considering this case on appeal, we may pretermit a discussion of the insufficiency of the purported affidavit or complaint in the mayor's court, as no objection thereto was interposed upon the trial in said court.

On appeal to the circuit court, counsel for appellee filed a complaint wherein the violation of a certain alleged ordinance of the city was attempted to be charged. Appellant demurred to the complaint testing its sufficiency and the action of the court in overruling these demurrers is made the basis of the first assignment of error. The complaint appearing in this record, under repeated decisions of the appellate courts of this state, was wholly insufficient. Rosenberg v. City of Selma, 168 Ala. 195, 198, 52 So. 742; Benjamin v. City of Montgomery, 16 Ala. App. 389, 78 So. 167; Bouyer v. City of Bessemer, 17 Ala. App. 665, 88 So. 192; Miller v. City of Huntsville, 19 Ala. App. 656, 100 So. 78; Town of Lineville v. Gauntt, 20 Ala. App. 135, 101 So. 154.

The foregoing authorities, and numerous others of like import, expressly hold it is essential in a complaint of this character to aver, not only the facts constituting the violation of the ordinance in question, but in the complaint there must be set out the provisions or substance thereof and it must be averred that the ordinance was duly adopted and ordained prior to the commission of the offense, by the proper municipal authorities. The mere statement, as a legal conclusion, that the acts of the accused were committed "in violation of an ordinance," will not suffice. The complaint in this case, on appeal, failed to aver that the alleged ordinance had been duly adopted and ordained by the mayor and city council of the city of Attalla prior to the alleged commission of the acts complained of, as the law requires.

In the case of Miles v. City of Montgomery, 17 Ala. App. 15, 81 So. 351, 352, the court said: "If the complaint in this case had alleged that the defendant, on or about the date named, within the police jurisdiction of the city of Montgomery, did sell, keep for sale, or offer for sale, spirituous, vinous, or malt liquors, contrary to the provisions of a valid, existing ordinance of the city of Montgomery, duly adopted and ordained by the city commissioners of said city, prior to the commission of said act or acts, prohibiting the sale, keeping for sale, or offering for sale, spirituous, vinous, or malt liquors, within the corporate limits and police jurisdiction of said city, it would be a sufficient compliance with the rule."

The complaint in this case being insufficient, as hereinabove discussed, no necessity to deal with other questions involved appears. We are prone to state, however, that the evidence adduced against the accused was vague and uncertain, and it is very doubtful that the prosecution met the necessary burden resting upon it.

Reversed and remanded.