4 So.2d 431

**Ex parte KELLEY.**

6 Div. 763.

Court of Appeals of Alabama.

April 8, 1941.

Rehearing Denied June 10, 1941.

Writ Denied on Mandate Oct. 28, 1941.

Horace C. Wilkinson, of Birmingham, for petitioner.

294

John T. Batten, of Birmingham, for respondents.

BRICKEN, Presiding Judge.

On the 26th day of September, 1940, one W. O. Haynes made an affidavit before E. C. Bloom, Judge of Recorder's Court of Homewood, Alabama, in words and figures as follows:

"The State of Alabama,
Jefferson County

"The Recorder's Court of Homewood

"Personally appeared before me, the undersigned Judge of the Recorder's Court, City of Homewood, Alabama, in said County W. O. Haynes who being duly sworn, says that he has probable cause for believing, and does believe that E. E. Kelley whose name is otherwise unknown to affiant within twelve months before making this affidavit, in said County and within the police jurisdiction of the City of Homewood, did: on to-wit the 26th day of September 1940, in violation of city ordinance No. 174 of the city of Homewood wilfully fail and refuse to keep a register of the guest of his tourist camp known as Hollywood Cottage Court located within the corporate limits of the city of Homewood against the laws and ordinances of the City of Homewood.

"Sworn to and subscribed before me this 26th day of September, 1940.

"(Signed) E. C. Bloom
"Judge of Recorder's Court of Homewood.
"(Signed) W. O. Haynes

"Affiant."

A warrant of arrest was issued and the defendant arrested and admitted to bond. When his case was called for trial in the Recorder's Court of the City of Home-

wood on the 7th day of October, 1940, he appeared and filed demurrers to the complaint on the ground that the complaint did not charge him with violation of the laws or ordinances of the City of Homewood, and on the further ground, that it did not charge any offense and did not sufficiently set forth the ordinance it was alleged was violated. The demurrer was overruled and the defendant plead not guilty. Notwithstanding his plea he was adjudged guilty and a fine of $100 and costs imposed upon him.

Within the time prescribed by law he appealed to the Circuit Court of Jefferson County, Alabama, by executing an appeal bond which was filed with and approved by the Recorder of the City of Homewood. A trial by jury was demanded.

When the case came on to be heard in the Circuit Court of Jefferson County, before the Honorable J. Russell McElroy, the defendant refiled the demurrer to the complaint that was filed in the Recorder's Court of the City of Homewood. The demurrer was overruled. The defendant then moved the court to dismiss the prosecution on the ground that the affidavit and complaint filed in the Recorder's Court of the City of Homewood did not charge an offense and would not support a prosecution in the Circuit Court. The motion was overruled. The City of Homewood then offered to file, and asked leave to file, a written complaint, which is in words and figures as follows:

"City of Homewood, Alabama, a municipal corporation, Plaintiff, vs. E. E. Kelly, alias E. E. Kelley, Defendant.

In The Circuit Court, Tenth Judicial Circuit of Alabama. Appealed from the Recorders' Court of the City of Homewood.

No. 77022
"Count I.

"Comes the City of Homewood, Alabama, a municipal corporation, and complains that E. E. Kelly, alias E. E. Kelley, within twelve months before the beginning of this prosecution and within the corporate limits of the City of Homewood, Alabama, did on, to-wit, the 26th day of September, 1940, wilfully and unlawfully operate a tourist camp, lodging houses, cabins and/or other places where sleeping accomodations were furnished for hire to transient guests, contrary to and in violation of Section I of Ordinance No. 174, of the City of Homewood, Alabama, adopted June 24, 1940, in this:

"That the said E. E. Kelly, alias E. E. Kelley did wilfully and unlawfully refuse to maintain a permanent register of all and any such guests occupying said tourist camp, lodging houses, cottages, cabins or any portion thereof, contrary to and in violation of said Section I, of said Ordinance, No. 174.

"Count II.

"Comes the City of Homewood, Alabama, a municipal corporation, and complains that E. E. Kelly, alias E. E. Kelley, within twelve months before the beginning of. this prosecution, and within the corporate limits of the City of Homewood, Alabama, did on, to-wit, the 26th day of September, 1940, while operating a tourist camp, lodging house, cottages, cabins and/or places where sleeping accomodations were furnished for hire to transient guests, wilfully and unlawfully refuse to maintain a permanent register of all or any of such guests occupying said tourist camp, lodging houses, cottages, cabins or any portion thereof, contrary to and in violation of Section I, of Ordinance No. 174, of the City of Homewood, Alabama, adopted June 24, 1940.

"Count III.

"Comes the City of Homewood, Alabama, a municipal corporation, and complains that E. E. Kelly, alias E. E. Kelley, within twelve months before the beginning of this prosecution, and within the corporate limits of the City of. Homewood, Alabama, did on, to-wit, the 26th day of September, 1940, while operating a tourist camp, lodging. houses, cottages, cabins and/or places where sleeping accomodations were furnished for hire to transient guests, wilfully and unlawfully fail and refuse to keep open a permanent register of all and any guests occupying said tourist camp, lodging houses, cottages and/or cabins or any portion thereof at his place of business for inspection by the police department of the City of Homewood, contrary to and in violation of Section II of Ordinance No. 174, of the City of Homewood, Alabama, adopted June 24, 1940.

"John T. Batten
"Attorney for City of Homewood,
a municipal corporation."

The defendant objected to the filing of the complaint, and to each count thereof, separately and severally, on the ground that no complaint or affidavit was filed in the Recorder's Court of the City of Homewood, sufficient to authorize the filing of the complaint tendered, and on the further

ground that the complaint that was filed in the Recorder's Court, did not charge an offense and was insufficient to support a prosecution in the Circuit Court, and was a departure from the prosecution that was instituted in the Recorder's Court. The objection was overruled and the City of Homewood was allowed to file the complaint. The defendant moved the court to strike the complaint on the same grounds set out in the objection to its filing. The motion was overruled; whereupon the defendant filed a demurrer to the complaint, and to each count thereof, separately and severally. The demurrer contained some 45 grounds, among which were:

"1. The facts set out therein do not constitute a violation of any ordinance of the City of Homewood, Alabama.

"2. The substance of the ordinance of the City of Homewood, Alabama, it is claimed this defendant violated is not set out with sufficient certainty.

"3. It does not appear with sufficient certainty that the ordinance referred to was duly adopted and in force and effect prior to and on the 26th day of September, 1940.

"4. The averment therein that on to-wit, the 26th day of September, 1940, in violation of City Ordinance No. 174 of the City of Homewood, the defendant wilfully failed or refused to keep a register of the guests of his tourist camp, is a conclusion of the pleader and the facts showing that the conduct complained of was a violation of the alleged ordinance are not set out with sufficient certainty.

"5. It does not appear with sufficient certainty when the ordinance was adopted, if it was ever adopted, and approved by the City of Homewood, Alabama.

"6. Because the complaint fails to charge this defendant with the commission of an offense."

In addition it was asserted by demurrer that ordinance No. 174 is unconstitutional; the attack on its constitutionality was based on numerous grounds which we do not deem necessary to here set out.

The court sustained the demurrer and allowed the City of Homewood 40 days in which to further amend its complaint. Within the time allowed, the City of Homewood tendered an amended complaint, which it asked leave to file, which was in words and figures as follows:

"Amendment to Complaint

"Comes the City of Homewood, Alabama, a municipal corporation, by leave of court first had and obtained, and amends its complaint heretofore filed in the above captioned cause, by substituting in lieu of Count 1 of the said complaint the following count designated as Count 'A.'

"Count 'A'

"Comes the City of Homewood, Alabama, a municipal corporation, and complains that E. E. Kelly, alias E. E. Kelley, within twelve months before the beginning of this prosecution and within the corporate limits of the City of Homewood, Alabama, did, on to-wit, the 26th day of September, 1940, wilfully and unlawfully operate a tourist camp, lodging houses, cottages, cabins and/or other places where sleeping accomodations were furnished for hire to transient guests, contrary to and in violation of Section 1 of Ordinance No. 174, of the City of Homewood, Alabama, adopted June 24, 1940, in this:

"That the said E. E. Kelly alias E. E. Kelley, did wilfully and unlawfully refuse to maintain a permanent register of all and any such guests occupying said tourist camp, lodging houses, cottages, cabins or any portion thereof, contrary to and in violation of said Section 1, of said Ordinance No. 174. A copy of said ordinance is hereto attached, marked Exhibit 'A,' and made a part hereof, at this point, as fully and completely as if copied herein verbatim.

"John T. Batten
"Attorney for City of Homewood, a municipal corporation."

"Exhibit 'A' to Amendment

"Ordinance Number 174.

"An Ordinance to Regulate Tourist Camps, Lodging Houses, Inns, Cabins and Other Places Where Sleeping Accomodations are Furnished for Hire to Transient Guests.

"Be It Ordained by the City Council of the City of Homewood as follows:

"Section 1. That each operator of, tourist camps, lodging houses, inns, cabins and other places where sleeping accomodations are furnished for hire to transient guests, owner, employee or representative, and every party providing such accomodations to said guests shall maintain a

permanent register of all and any guests occupying said cottages, lodging houses or any portion thereof; which register shall include the name of each person together with his permanent resident address and identify the location of the said person by showing the room number or the cabin number occupied by such person; and also show the hour of the day and the date such person arrived at said place, and the hour of the day and the date such person vacated such room or cabin or such portion thereof occupied by him; together with the name and make, model and tag number of each automobile used in transporting such person to, or kept by him on the said premises while occupying said room, lodging house, cabin or a portion thereof.

"Section 2. That it shall be the duty of such operator, owner and managing officer, employee or representative having supervision of the operation of said properties at said place and every party providing such accomodations to keep the said register open for inspection to the police department of the city of Homewood at all times for a period not less than two years from the date of such registration.

"Section 3. That the violation of any Section of this Ordinance by any person shall be a misdemeanor; and any person found guilty of such violation shall be fined not less than $1.00 nor more than $100.00; and in addition thereto the license issued for the operation of the said premises shall, at the option of the said Council, be revoked or suspended.

"Section 4. That this Ordinance is cumulative and does not repeal any Ordinance not in conflict herewith.

"Section 5. That if any Section or provision of this Ordinance is declared unconstitutional, it shall not affect the remaining Sections or provisions.

"Section 6. The provisions of this Ordinance shall become effective upon its adoption.

"Dr. H. C. Crelly
"President, City Council
"Approved:
"E. C. Bloom
"Mayor.

"Attest:
"Ward Bracken
"City Clerk."

The defendant objected to the filing or allowance of the amendment. The circuit court indicated, and the petitioner avers, and it is conceded that the trial judge will allow the amendment and put the defendant to trial upon it unless enjoined and restrained by the appropriate order of this court.

The defendant in the court below, the petitioner here, has filed an application with this court for a writ of prohibition or other appropriate writ to restrain the trial judge from allowing the amendment tendered and from putting the petitioner to trial upon the complaint as amended.

It is further prayed that a mandatory writ issue out of this court requiring the dismissal of the case in the circuit court against the defendant. The City of Homewood is made a party to the proceeding. We think this proper practice inasmuch as it is the real party in interest.

The petitioner's claim is that he cannot be put to trial in the circuit court on the proposed complaint as amended because the complaint in the Recorder's Court was insufficient to support a judgment of conviction and, therefore, does not furnish any foundation for a prosecution upon a statement or complaint by the city attorney. It is urged petitioner should not be subjected to the expense of a trial on the proposed complaint as amended, even if it be assumed that he would be acquitted, and that the remedy by appeal, in event he is convicted, is inadequate and that petitioner is entitled to have further prosecution of the case in the circuit court prohibited and case dismissed.

The attorney for the City of Homewood has filed an able brief in which the relief prayed for is vigorously opposed. With commendable candor the City Attorney concedes and admits that the statement required by Section 3843 of the Code, Code 1940, Tit. 15, § 363, must be filed. He says, "The Circuit Court has no authority to put the defendant on trial in that court on the affidavit filed in the Recorder's Court." But he insists that the trial court cannot be prohibited and restrained from allowing a statement to be filed that the aforesaid statute says must be filed. He further insists that the affidavit in the Recorder's Court is sufficient to support the filing of the statement referred to in Section 3843 of the Code; it is also insisted that petitioner mistook his remedy in the circuit court; that he should have made a motion to quash instead of a motion to dismiss the prosecution, and that

he is not entitled to relief by mandamus or prohibition.

■ 1. An appeal from the Recorder's Court of the City of Homewood to the circuit court is governed by the statutes regulating appeals from Justices of the Peace in criminal cases. Code 1923, Section 2307, Code 1940, Tit. 37, § 464. Such appeals are governed by the statutes regulating the trial of appeals from the county court. Code 1923, Sections 3858, 3859, Code 1940, Tit. 13, §§ 428, 429. The trial in the circuit court is on a complaint and not on the affidavit or complaint in the Recorder's Court. Code 1923, Section 3843. All parties agree that the defendant cannot be put on trial in the circuit court on the affidavit filed in the Recorder's Court. The question, therefore, seems to be whether or not the affidavit or complaint filed in the Recorder's Court was void in the sense that it does not charge an offense. A complaint in the Recorder's Court which fails to show the adoption of a valid ordinance and its violation, does not charge an offense against the city. If no ordinance is shown—no offense is shown. It is not a question of designating an offense, defined by statute, which the court judicially notices, by name. The court has no means of knowing that there is an offense until it is informed by appropriate averment in pleading, that there is an ordinance making certain defined conduct an offense.

■ 2. The courts do not take judicial notice of the ordinances of the City of Homewood.

■ It has been uniformly ruled that a complaint for violation of a municipal ordinance must show not only the facts constituting the violation of the ordinance, but must aver the substance of the ordinance, its authoritative ordination as a rule of conduct in the municipality, and that the party charged has violated it. The mere statement that the acts done were in violation of a valid ordinance of the municipality is not sufficient. Town of Lineville v. Gauntt, 20 Ala.App. 135, 101 So. 154; Rosenberg v. City of Selma, 168 Ala. 195, 198, 52 So. 742; Benjamin v. City of Montgomery, 16 Ala.App. 389, 78 So. 167.

The complaint in the Recorder's Court omitted a sufficient averment of authorized ordination by the municipality and the substance of the ordinance assumed to

have been, violated, and hence charged no offense. Town of Lineville v. Gauntt, supra. See also, Young v. City of Attalla, 25 Ala.App. 255, 144 So. 128; Miles v. City of Montgomery, 17 Ala.App. 15, 81 So. 351; Rosenberg v. City of Selma, 168 Ala. 195, 198, 52 So. 742.

■ Where a complaint in a quasi criminal prosecution fails to charge an offense, it will not support a judgment of conviction, and the only proper judgment is acquittal of the defendant. State v. Quarles, 158 Ala. 54, 48 So. 499.

.The question remains whether it is lawful for the court below to allow the city to file the amended complaint that was tendered, and to put the petitioner to trial upon it.

■ This court is bound by the decisions of the Supreme Court of Alabama. In Miles v. State, 94 Ala. 106, 11 So. 403, 404, the court decided that if the complaint in the county court is insufficient to authorize the issuance of a warrant, it furnishes no foundation for a prosecution to conviction upon the affidavit or statement of complaint filed by the solicitor. It was there said: "We find no warrant in the law of this state for putting a party upon trial upon the mere statement of the solicitor, unsupported by a sufficient complaint under oath [and warrant of arrest]. The judgment of the court sustaining the demurrer to the affidavit judicially determined that it charged no offense. With this judgment in force, declaring that the affidavit charged no offense, the defendant was entitled to be discharged."

It is true that the affidavit filed in the county court in the Miles case was demurred to in the circuit court and the demurrer sustained, but that fact does not render the authority inapplicable here. A ruling sustaining the demurrer was merely a judicial ascertainment of an obvious fact, viz.: the affidavit filed in the county court was insufficient. If the petitioner cannot be lawfully tried in the circuit court, on the affidavit in the Recorder's Court, and it is conceded that he cannot, whether such affidavit is demurred to or not would seem to be of no consequence. We have held the defendant in the circuit court should plead to the statement filed in the circuit court and not to the affidavit filed in the Recorder's Court. Nailer v. State, 18 Ala.App. 127, 90 So. 131. If in truth and in law the affidavit

in the Recorder's Court is insufficient to authorize the issuance of a warrant of arrest, it cannot serve as a foundation for a prosecution upon a mere statement filed by the city attorney. The affidavit filed in the Recorder's Court was transmitted to the circuit court along with the appeal bond. It is in the record. It is wholly insufficient to authorize the issuance of the warrant under which petitioner was arrested.

In Horn v. State, 22 Ala.App. 459, 117 So. 283, 284, this court said: "A defendant has a constitutional right to demand the nature and cause of the accusation against him, and this complaint of the solicitor is the method provided by the Legislature to meet this demand. Its function is to inform the defendant with what he is charged and is the accusation he is called to defend. Nonetheless, this complaint must have for its basis a valid foundation and must rest upon a charge supported by affidavit as required by law. Miles v. State, 94 Ala. 106, 11 So. 403."

The Supreme Court denied certiorari in the Horn case, supra, 217 Ala. 677, 117 So. 286.

It would seem obvious that the complaint in the circuit court charging an offense is a departure from the complaint in the Recorder's Court charging no offense.

We are, therefore, of the opinion that inasmuch as the affidavit in the Recorder's Court of the City of Homewood did not charge an offense, there is no affidavit to support a complaint in the circuit court by the city attorney.

We further hold that the petitioner can not be lawfully put upon trial upon the proposed complaint. The circuit court, therefore, would exceed its authority if it allowed the tendered amended complaint to be filed and required the petitioner to go to trial upon it.

The provisions of Section 3843 of the Code 1923, requiring a statement to be filed means that the statement must be filed in cases in which there is an affidavit sufficient to support the filing of a statement. The statute does not dispense with the necessity of a sufficient affidavit in the court where the prosecution originated.

The City Attorney insists that the petitioner mistook his remedy in the circuit court, that his proper remedy, if any, was a motion to quash instead of motion to dismiss the prosecution and discharge him. Ex parte Mooneyham, 15 Ala.App. 482, 73 So. 990; Nailer v. State, 18 Ala.App. 127, 90 So. 131, are cited in support of the insistence. While it is true that the motion to quash the affidavit in the county court was recognized as an appropriate remedy in the Mooneyham case, which was followed in the Nailer case, it by no means follows that the motion to quash is the only way in which the question can be raised. The motion made in the circuit court, in this case, was to dismiss the prosecution and discharge the defendant because there was no affidavit sufficient to support the filing of a complaint in the circuit court. The affidavit in the Recorder's Court was part of the record in the circuit court. The motion made directly attacks the sufficiency of the affidavit. The reasons why the affidavit was insufficient have been noted. The motion should have been granted.

It is insisted that all of these questions can be disposed of on appeal if the petitioner is convicted in the circuit court and desires to review these questions here. On behalf of the petitioner it is urged that the record conclusively shows that the only lawful judgment that can be rendered by the circuit court is a judgment dismissing the prosecution and discharging him. He asserts that his remedy by appeal is inadequate; he claims that he should not be put to the trouble and expense incident to a trial in the circuit court when it clearly appears as a matter of law that it is the duty of the court at this stage of the proceeding to dismiss the prosecution and discharge him.

There are several decisions which in terms declare that an appellate court will not grant mandamus where there is a remedy by appeal. In State v. Wilson, 123 Ala. 259, 279, 26 So. 482, 487, 45 L.R.A. 772 the question was discussed and the conclusion reached that the remedy by appeal must be adequate. The court said: "The 'other remedy,' the existence of which will oust—or, rather, prevent the invocation of—jurisdiction by mandamus, must be equally convenient, beneficial, and effective as mandamus. Raisch v. Board [of Education], 81 Cal. 542, 22 P. 890; Overseers [of Porter Tp.] v. Overseers, 82 Pa. 275. It must be a remedy which will place the relator in statu quo; that is, in the same position he would

300

have been had the duty been performed. Etheridge v. Hall, 7 Port. 47. Indeed, it must be more than this. It must be a remedy which itself enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance."

In First National Bank v. Cheney, 120 Ala. 117, 23 So. 733, 734, it was said: "As a general rule, it is true that mandamus will not be granted for the correction of an error arising in the progress of a suit, which can be revised on appeal after final judgment. * * * But the appeal must be an adequate remedy. It must be capable of protecting parties from the injury immediately resulting from the error of the court."

In Ex parte State ex rel. Tuck, 217 Ala. 143, 115 So. 155, mandamus was granted to require a trial judge to order a party to a lawsuit to answer the interrogatories of his opponent. This was a matter that could have been reviewed upon appeal, but the conclusion was that the remedy by appeal was inadequate.

We are of the opinion that the petitioner here cannot be lawfully put to trial in the circuit court of Jefferson County, Alabama, upon a complaint filed by the attorney for the City of Homewood in case No. 77022 in said court, and that it is the duty of the circuit court to dismiss said case and to discharge the defendant in that case.

From what has been said we must perforce hold that the writ here prayed for should be granted. It is so ordered.

Writ granted.

PER CURIAM.

Writ denied under provisions of Code 1940, Tit. 13, § 95.