Chambless is wholly unworthy of belief. In other words, this court is without authority to substitute itself for the jury and to adjudge and declare that the verdict returned by the jury was wrong and unjust.

Always, a person charged with crime is entitled to a fair and impartial trial. The law contemplates and provides that such trial shall be free of prejudicial error by the trial court. Here, several insistences of error are presented, but, as stated in the outset, we discover no ruling of the trial court infected with error such as to injuriously affect the substantial rights of the defendant.

The assignments of error upon this appeal involve simple and elementary propositions of law which we feel need no detailed or extended discussion. We think the brief of the Attorney General contains a full and complete answer to every proposition advanced by appellant. This statement is indulged after having fully and thoroughly examined and carefully considered each and every proposition presented. The foregoing statement includes also the action of the court in overruling and denying defendant's motion for a new trial.

No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

No attorney marked for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of "Buying, receiving, concealing etc. stolen property" of the value of less than $25. Code 1940, Tit. 14, Secs. 338, 336.

The prosecution originated by affidavit in the County Court.

Upon appeal to the Circuit Court, appellant expressly waived the filing of a complaint by the Solicitor; and agreed to be tried upon the affidavit made in the County Court. This he might lawfully do; and there was no error in putting him to trial upon the original affidavit. Seaman v. State, 28 Ala.App. 480, 188 So. 269.

There is nothing else apparent worthy of mention.

The judgment is affirmed.

Affirmed.

15 So.2d 742

## CHAMBERS v. STATE.

### 7 Div. 755.

Court of Appeals of Alabama.

June 22, 1943.

Rehearing Denied Oct. 5, 1943.

15 So.2d 743

## CHAMBERS v. STATE.

### 7 Div. 756.

Court of Appeals of Alabama.

June 30, 1943.

Rehearing Denied Oct. 5, 1943.