52 So.2d 710

**SMILEY v. CITY OF BIRMINGHAM.**
6 Div. 251.

Supreme Court of Alabama.
May 17, 1951.

1. Ante, p. 457.

Gibson & Hewitt, Birmingham, for petitioner.

Chas. H. Brown, Birmingham, opposed.

BROWN, Justice.

It appears from the averments of the petition for certiorari that petitioner was charged with a violation of § 600 of the Code of the City of Birmingham and on her trial in the municipal court was convicted. From the judgment of conviction she appealed to the circuit court where she had a trial *de novo* and was again convicted. From that judgment she appealed to the Court of Appeals where the judgment of the circuit court was affirmed.

The act approved June 18, 1943, requires that all courts of the state take judicial knowledge of the ordinances of the City of Birmingham. General Acts 1943, p. 183, Code 1940, Tit. 7, § 429(1); Cox v. Bennett, 250 Ala. 698, 36 So.2d 86; Code of 1940, Tit. 15, § 243.

Said § 600 of the General City Code of Birmingham, p. 202, provides: "Any person who possesses any ticket, writing, paper, slip, document, memorandum, list, article, matter or thing of any nature or kind whatsoever, which is customarily or usually used in the operation of a lottery, policy game, or game of chance of any sort or kind, or which is of a kind which is customarily used in the operation of a lottery, policy game, or other game of chance of any sort or kind, shall, upon conviction, be punished in the manner and within the limits specified by section 4. To constitute the offense created by this section it shall not be necessary that the ticket, writing, paper, slip, document, memorandum, list, article, matter or thing be actually used, or actually be in use or is yet actually to be used in the operation of a lottery, policy game or other game of chance. It shall not be a defense to the charge of possessing the ticket, writing, paper, slip, document, memorandum, list, article, matter or thing that it or any of them so possessed have not actually been used or were not then being used, or were not intended to be used in the operation or in connection with the operation of a lottery, policy game or other game of chance. The possession forbidden by this section shall not apply to a possession had by a police officer, sheriff, deputy sheriff or other peace officer, judge or attaché of a court or an attorney, when such possession is connected with the prosecution or investigation of a violation of this section, but the burden of offering evidence that the accused's possession is under this exception shall rest upon the accused. Expert testimony shall be admissible to show that the ticket, writing, paper, slip, document, memorandum, list, article, matter or thing was customarily and usually used in the operation of a lottery, policy game, or other game of chance, and expert testimony shall also be admissible to show the contrary."

Section 599 provides that: "Any person who sets up, carries on, or is concerned in setting up or carrying on any lottery or device of like kind, or who sells or disposes of any lottery or gift enterprise ticket, or ticket in any scheme of lottery, or who receives money or takes an order for any lottery or gift enterprise ticket, or for any ticket in any scheme in the nature of lottery, or who acts for or represents any other person in selling or disposing of such ticket shall, upon conviction, be punished as provided in section 4".

Said section 4 prescribes the punishment for violations not otherwise provided for in said code.

The only matter of which petitioner complains in her petition for certiorari is: "1. For that the Court of Appeals erred in holding that the trial court did not err in overruling appellant's demurrers to appellee's complaint."

The petition for certiorari does not state the complaint in *haec verba* or in substance nor does it state the grounds of demurrer.

The Court of Appeals so far as appears did not treat the sufficiency of the complaint or the demurrer thereto in its opinion. Ballard v. State, 219 Ala. 222, 121 So. 502.

Writ of certiorari denied.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.