117 So.2d 786

**Verbon TAYLOR**

v.

**CITY OF DECATUR.**

8 Div. 594.

Court of Appeals of Alabama.

Nov. 24, 1959.

Rehearing Denied Feb. 2, 1960.

Russell W. Lynne, Decatur, for appellant.

Peach, Caddell & Shanks, Decatur, for appellee.

CATES, Judge.

Taylor appeals from a conviction based on a charge as stated in an affidavit:

> "* * * that in the City of Decatur, in the County of Morgan, State of Alabama, within twelve months before making of this complaint, Verbon Taylor did use offensive, disorderly, abu-

sive or insulting language, conduct or behavior toward Mary Herron whereby a breach of the peace may have occasioned in violation of an ordinance duly passed by the mayor and Council of the City of Decatur, a municipal corporation."

No complaint anew was filed by the city on the trial de novo. Taylor did not demand one, but filed a demurrer to original complaint sent up from the recorder's court.

■ Thus Taylor waived his right to a complaint derived from Code 1940, T. 37, §§ 464 and 487; T. 13, §§ 428 and 429; and T. 15, §§ 358–364, particularly § 363. Myhand v. Dothan, 19 Ala.App. 167, 95 So. 782. See also Chambers v. State, 31 Ala.App. 269, 15 So.2d 742, and Seaman v. State, 28 Ala.App. 480, 188 So. 269.

However, we do not consider he waived his right to demur. In Worthington v. City of Jasper, 197 Ala. 589, 73 So. 116, we find:

"The original affidavit on which defendant was tried and convicted in the recorder's court charged no offense within the penalty of the ordinance; but, since no objection was there taken by the defendant to the affidavit, he could not avail of its deficiency in the circuit court where, as stated, the trial was de novo. Turner v. Town of Lineville, 2 Ala.App. 454, 56 So. 603.

"But when the 'statement' became in the circuit court the source of the charge on which he was tried, the defendant had a right to question its sufficiency by appropriate methods. This he did both by motion and by demurrer to the 'statement.' * * *"

■ Grounds 4 and 5 of Taylor's demurrer are apt; they read:

"4. The ordinance alleged to have been violated is not set out nor the substance thereof alleged nor shown.

"5. The substance of the ordinance alleged to have been violated is not set out or shown in any manner."

We distinguish the instant complaint from that used in Turner v. Town of Lineville, 2 Ala.App. 454, 56 So. 603, in that there the offending act was described in terms to which the ordinance was confined. Here the offense and the ordinance are not alleged in the same terms.

The basic decision is Case v. Mobile, 30 Ala. 538, where we find:

"Rice, C. J.—In declaring on a by-law, the liability of the defendant must distinctly appear. As the appellee in the present case is a municipal, or public corporation, the courts of this State will take judicial notice of its charter, and of its power to make by-laws; but not of the by-laws made by it. In a complaint for a penalty under one of its by-laws, the by-law must be set forth, and the ,breach of it, and the right of the plaintiff to sue for the penalty.—Company of Feltmakers v. Davis, 1 Bos. & Pul. 98; 1 Saund.Pl. & Ev. 324; Comyn's Dig., title, Pleader, (2 W. 11.)

"Tested by the principles above stated, the complaint in this case is not sufficient; and the court below erred in overruling the demurrer to it. For that error, the judgment is reversed, and the cause remanded."

In Miles v. Montgomery, 17 Ala.App. 15, 81 So. 351, Brown, P. J., wrote:

"* * * it is essential to the statement of a cause of action in cases of this character that the complainant aver, not only the facts constituting the violation of the ordinance, but must set out the provisions of the ordinance or the substance thereof and aver that the ordinance was duly adopted and ordained, prior to the commission of the offense, by the proper official board—in this case the city commissioners of the city of Montgomery—and the mere

**574**

statement, as a legal conclusion, that the acts of the defendant were done 'in violation of an ordinance' will not suffice, in the absence of a statement of the provisions of the ordinance or the substance thereof. * * *" citing (among others) Rosenburg v. Selma, 168 Ala. 195, 198, 52 So. 742, probably the leading case.

See also Young v. Attala, 25 Ala.App. 255, 144 So. 128; Rose v. City of Andalusia, 249 Ala. 333, 31 So.2d 66; McQuillin, Municipal Corporations (3rd Ed.), §§ 22.20, 22.21, §§ 24.98, et seq.[1]

 The statute of limitations having run, the defendant would be due his discharge.

Reversed and rendered.

On Application for Rehearing

CATES, Judge.

The City has cited us to Stinson v. Birmingham, 31 Ala.App. 577, 20 So.2d 113; Brooks v. Birmingham, 31 Ala.App. 579, 20 So.2d 115, and Ford v. Birmingham, 35 Ala.App. 371, 47 So.2d 287, for the proposition that these cases modify the rule we used here.

Our courts take judicial notice of Birmingham ordinances by statutory fiat. Section 7, Act No. 257, approved August 20, 1915 (Gen.Acts 1915, p. 294, at 297), and Act No. 193, approved June 18, 1943 (Gen.Acts 1943, p. 183). In Smiley v. Birmingham, 255 Ala. 604, 52 So.2d 710, Brown, J., apparently considered Code 1940, T. 15, § 243 (dispensing, in criminal causes, with the need for alleging matters within judicial notice) applied to a com-

1. For approved forms of complaint in de novo trials, see Miles v. Montgomery, supra, and Ex parte Kelley, 30 Ala.App. 293, 4 So.2d 431 (Count 'A'). We have refrained from considering the purported ordinance since no transcript of evidence

plaint charging a breach of the Birmingham City Code.

Therefore, we do not think these three cases, under statutes applying only to Birmingham, afford any precedent to affirm.

Code 1940, T. 13, § 346, operates in the inferior court and relates to its jurisdiction to support an appeal to a circuit court, or, as here, to a court of equivalent jurisdiction. Ex parte McElroy, 241 Ala. 554, 4 So.2d 437. Once a de novo appeal is filed, the only office of § 346 is to prevent a dismissal for lack of jurisdiction in the first court.

Application overruled.

was filed. As to breach of the peace generally, see Wharton, Criminal Law and Procedure (1957), § 802, et seq.; Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031.